# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## NORFOLK AND WESTERN RAILROAD CO. V. DRAPER.

### JULY 27th, 1893.

1. RAILROAD COMPANIES—*Fires—Damages.*—Verdict for $1,600 for damages caused by fires set from locomotive will not be set aside as excessive where witnesses who examined the damage estimated it as more than twice that amount.

2. PRACTICE AT COMMON LAW—*New Trial.*—New trial on ground of newly discovered evidence will not be granted for evidence known before the trial, but omitted because the witnesses were believed to be hostile.

Error to judgment of circuit court of Wythe county, rendered February term, 1893, in an action wherein J. S. Draper was plaintiff and the Norfolk and Western Railroad Company was defendant. The object of the action was to recover damages for burning plaintiff's wood by fire communicated by defendant's locomotive. From the judgment for the plaintiff the case was brought here by writ of error and *supersedeas.* Opinion states the case.

*Bolling & Stanley*, for plaintiff in error.

*W. S. Poague*, for defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

Upon the trial of the case, the jury found a verdict for the plaintiff, and assessed his damages at $1,600. The defendant moved the court to set the verdict aside and to grant to it a

new trial, on the ground that the verdict of the jury is contrary to the law and the evidence; which motion the court overruled, and entered judgment according to the verdict; to which action of the court the defendant excepted.

There was no objection made to the instructions given by the court upon the trial, and no question was made as to the law applicable to the case, and there is none presented by the record.

The evidence is certified, and the case is to be considered by this court as on a demurrer to the plaintiff's evidence.

The evidence shows that the lands of the plaintiff extend along the line of the defendant company's road for nearly three miles, and that, on the — day of May, 1891, and before that time, the "*right of way*" of the said railroad company was covered with dry grass, dry leaves and weeds, and other combustible matter which had accumulated and been left upon the said right of way, which was ignited by fires from the passing locomotives of the said defendant and communicated to the contiguous lands of the plaintiff, continuing to burn for several weeks, and over nearly the entire tract of 2470 acres, most of which was wood land with a valuable growth of pine, oak and chestnut on it.

Numerous and credible witnesses testify that they saw the fire originate in the dry and combustible matter upon the defendant company's right of way, and lumbermen and other witnesses who went upon the land and examined the ravage done by the fire to the plaintiff's wood land, estimate the damage at $3,705. The jury gave by their verdict less than half of this. The estimation of damages is, peculiarly, the province of the jury, they being considered especially competent to determine such matters, and therefore it is particularly incumbent upon the court to forbear any encroachment upon the function of the jury in this particular, save in the strongest case of injustice * * *—the amount (of the verdict) must be so out of the way as to evince passion, prejudice, partiality or corruption

" in the jury." 4 Minor 757; *Benn* v. *Hatcher*, 81 Va., (Hansbrough) 25–33.

There was a motion to set the verdict aside and grant a new trial upon the ground of after discovered evidence, which motion the court overruled.

" A new trial is granted on the ground of after discovered evidence, not without great reluctance, and never, except under very special circumstances, which have been thus summed up. The evidence must appear to have been discovered since the former trial. It must appear that the evidence is such that reasonable diligence on the part of the applicant could not have secured it at the former trial. The evidence must be material in its object, and not merely cumulative and corroborative, nor collateral. The evidence must be such as ought to produce, on another trial, an opposite result on the merits." 4 Minor 758, *et seq.* 82 Va., (Hansbrough) 827. *Field* v. *Commonwealth*, 89 Va., 690. The alleged newly discovered evidence offered in this case is not newly discovered evidence, and fails to measure up to every requirement of the law. The bill of exceptions sets out the fact that the counsel for the defendant company knew of the existence of the witnesses and what they could prove before the trial, and that they did not summon them or make any effort to bring them before the court during three terms of the court, and when they were within sixteen miles of Wytheville, because they apprehended that they were hostile to the defendant company. They now move to set aside the verdict of the jury, to introduce these two witnesses whose integrity they avow they distrusted, to prove that the fire originated differently from the manner testified to by a host of the plaintiffs uncontradicted witnesses, and as admitted by the petition of the plaintiff in error.

The proposed new evidence has not been discovered since the trial; no diligence or effort whatever has been made by the counsel or by the defendant to produce it; it would be

only cumulative and inoperative to produce a different result upon a new trial; and it was properly overruled and rejected by the court.

There is no error in the record of the proceedings in the circuit court of Wythe county, and our judgment is to affirm the judgment complained of.

JUDGMENT AFFIRMED.